COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bumgardner


LAWRENCE PENNYBACKER

                                        MEMORANDUM OPINION* BY
v.    Record No. 2599-99-2                   PER CURIAM
                                          APRIL 11, 2000
SPOTSYLVANIA COUNTY
 DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                    Ann Hunter Simpson, Judge

            (Owaiian M. Jones; Law Office of Owaiian M.
            Jones, on brief), for appellant.

            (Timothy W. Barbrow; Joseph A. Vance, IV;
            Joseph A. Vance, IV & Associates, on brief),
            for appellee.


     Lawrence Pennybacker appeals the decision of the circuit

court terminating his parental rights to Krystal Leigh Marshall.

Pennybacker contends that the trial court erred by terminating his

parental rights based solely on his conviction on charges of rape,

sodomy, and taking indecent liberties with a minor.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

     "When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

consideration of a trial court is the child's best interests."
Logan v. Fairfax County Dep't of Human Development, 13 Va. App.
123, 128, 409 S.E.2d 460, 463 (1991).  "Code § 16.1-283 embodies
'the statutory scheme for the . . . termination of residual
parental rights in this Commonwealth' [which] . . . 'provides
detailed procedures designed to protect the rights of the parents
and their child,' balancing their interests while seeking to
preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456
S.E.2d 538, 540 (1995) (citations omitted).  "'In matters of a
child's welfare, trial courts are vested with broad discretion in
making the decisions necessary to guard and to foster a child's
best interests.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463
(citation omitted).  The trial judge's findings, "'when based on
evidence heard ore tenus, will not be disturbed on appeal unless
plainly wrong or without evidence to support it.'"  Id. (citation
omitted).

Pennybacker's parental rights were terminated pursuant to
Code § 16.1-283(E), which provides, in pertinent part:

> The residual parental rights of a parent
> . . . of a child who is in the custody of a
> local board or licensed child-placing agency
> may be terminated by the court if the court
> finds, based upon clear and convincing
> evidence, that it is in the best interests
> of the child and that . . . (iii) the parent
> has been convicted of an offense under the
> laws of this Commonwealth . . . which
> constitutes . . . felony sexual assault, if
> the victim of the offense was a child of the
> parent or a child with whom the parent
> resided at the time of such offense. . . .

-

> The local board or other child welfare
> agency having custody of the child shall not
> be required by the court to make reasonable
> efforts to reunite the child with a parent
> who has been convicted of one of the
> felonies specified in this subsection.

The parties stipulated that Pennybacker was convicted on charges constituting felony sexual assault of his stepdaughter, Dana Marshall, the biological mother of Krystal, at a time when Dana resided in the same home with Pennybacker. Pennybacker was married to Dana's mother. Pennybacker was sentenced to twenty-nine years in prison, with five years suspended.

Pennybacker contends that the Spotsylvania County Department of Social Services (DSS) failed to meet its statutory burden to prove that it was in the best interests of Krystal to terminate Pennybacker's parental rights. He argues that DSS impermissibly relied solely on the fact of his conviction. The record does not support this contention.

Under Code § 16.1-283(E), after DSS proved that Pennybacker was convicted of felony sexual assault upon a child with whom he lived, the trial court was authorized to terminate Pennybacker's parental rights if it found by clear and convincing evidence that termination was in Krystal's best interest. Contrary to Pennybacker's assertion, Code § 16.1-283(E) does not require a finding that Krystal was abused or neglected by Pennybacker in order to support a finding that it was in Krystal's best interests to terminate his parental rights.

-

The trial court found that clear and convincing evidence proved that termination was in Krystal's best interests. The record supports that conclusion. Under Pennybacker's sentencing and conviction order, he was to have no contact, direct or indirect, with Krystal and Dana. Both Dana and Krystal had been in the custody of DSS since 1997. Dana was making good progress in her foster home and improving in her ability to parent Krystal. DSS worker Troy Jackson indicated that the current goal was to strengthen Dana's parenting skills and to keep Krystal with her. DSS sought to terminate Pennybacker's parental rights so that both Dana and Krystal could get on with their lives. Jackson testified "the fact that [Dana] is a teenage child raising a child . . . there could be the opportunity for [Krystal] to have a father figure in her life."

While Pennybacker cites previous decisions holding that incarceration may not be relied upon as the sole basis for terminating parental rights, see, e.g., Cain v. Commonwealth, 12 Va. App. 42, 402 S.E.2d 682 (1991), those cases are inapposite. Under the statute as amended, a conviction for felony sexual assault upon a child with whom the parent was living warrants termination of parental rights if it is otherwise in the child's best interests. It is the nature of the conviction, not the fact of incarceration, upon which Code § 16.1-283(E) focuses.

The trial court found that DSS presented clear and convincing evidence sufficient under the requirements of Code § 16.1-283(E)

-

that termination of Pennybacker's parental rights was in the best interest of Krystal.  Evidence supports that determination.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>